IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRANDON PARRISH, et al., § | |
| § | |
| Plaintiffs, § | |
| § Civil Action No. 3:10-CV-2604-D | |
| VS. § | |
| § | |
| DEFENDER SECURITY COMPANY § | |
| d/b/a DEFENDER DIRECT, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action for overtime wages under the Fair Labor Standards Act ("FLSA"), the parties jointly move the court to approve their settlement agreement, file the settlement under seal, and dismiss the lawsuit with prejudice. As explained below, the court declines to seal the settlement agreement, and it grants the parties 14 days to advise the court whether they continue to request approval of the settlement, with the understanding that the settlement will be approved, but the settlement agreement will be unsealed.[*]

---

[*] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

The court first considers the parties' request to seal the settlement agreement.

A

"In the FLSA context, there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public review. The public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality." *Rodriguez v. El Pollo Regio, Inc.*, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012) (Fitzwater, C.J.) (quoting *Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008) (Rosenthal, J.)). "[T]he overwhelming consensus of district courts that have considered the issue [] hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access." *Id.* (quoting *Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 647 (S.D.N.Y. 2011). "Sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair. Absent an extraordinary reason, the court cannot seal such records." *Id.* (quoting *Tran v. Thai*, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009) (Rosenthal, J.)).

B

The parties first contend that the public lacks a strong interest in accessing this settlement agreement. They maintain that the information the agreement contains would not assist the public in assuring that wages are fair because it awards one sum for plaintiffs to share instead of setting out individual awards for each plaintiff. And they posit that the

agreement says nothing else about wage fairness because it does not include an admission of liability or change the pay practices of defendant Defender Security Company ("Defender"). The parties point to no authority that these characteristics weaken the presumption of public access. *Cf. Brumley v. Camin Cargo Control, Inc.*, 2012 WL 300583, at *2-3 (D.N.J. Feb. 1, 2012) (denying motion to seal FLSA settlement agreement despite parties' argument that settlement's terms were not publicly important). The court therefore declines on this basis to maintain the settlement agreement under seal.

The parties also maintain that there is an extraordinary reason to seal the settlement agreement: another case is pending against Defender, and publication of this agreement may unduly influence the settlement negotiations in that case. This ground likewise does not present the type of extraordinary reason that courts accept as sufficient to overcome the presumption of public access. *See, e.g., Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260, 1264 (M.D. Ala. 2003) (listing trade secrets, identity of informants, privacy of children, or scandalous or libelous information as compelling reasons to seal settlement agreements); *Browne v. The Pantry, Inc.*, 2011 WL 5119263, at *2 (M.D.N.C. Oct. 28, 2011) (explaining that sealing is justified where agreement contains "detailed business information that is ordinarily kept confidential" (citation omitted)). The reason asserted here for sealing the agreement—the effect on settlement negotiations in another case—is more akin to "[a] business's general interest in keeping its legal proceedings private," and is insufficient to overcome the presumption of public access. *See Stalnaker*, 293 F.Supp.2d at 1264. Although unsealing the instant settlement agreement may impact the settlement of the other

case, in the FLSA context the general judicial goal of facilitating settlements is countermanded by the presumption of openness. *See, e.g., Joo*, 763 F.Supp.2d at 647.

C

In the alternative to sealing the settlement agreement, the parties request that the court redact the settlement amount from the public document. The court declines this request because the settlement amount is fundamental to the public's interest in assuring fair wages.

II

The parties also move the court to approve their settlement agreement and dismiss the lawsuit with prejudice. Following review of the settlement, the court is willing to do both. But because in their motion to file the settlement agreement under seal the parties posit that confidentiality is a key and material term, the court will allow them 14 days from the date of this memorandum opinion and order to advise the court whether they continue to request approval of the settlement, with the understanding that the settlement will be approved, but the settlement agreement will be unsealed. The settlement agreement will remain sealed until the court has considered and acted upon the parties' response.

* * *

For the reasons explained, the parties' joint motion to seal the settlement agreement is denied. The parties' response is due within 14 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

January 31, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE